David D. Ritter
State Bar No. 00791534
RITTER SPENCER CHENG PLLC
17950 Preston Road, Suite 250
Dallas, Texas 75252
Tel.: (214) 295-5078
Fax: (214) 329-4362
dritter@ritterspencercheng.com

**PROPOSED ATTORNEY FOR DEBTOR**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DISTINCTIVE VISION CARE, PLLC,** | § | **CASE NO. 26-35208-MVL-11** |
| | § | **(Chapter 11; Subchapter V)** |
| **DEBTOR.** | § | |

**EMERGENCY MOTION FOR AUTHORITY TO CONTINUE USING EXISTING BANK ACCOUNT AND BUSINESS FORMS**

COMES NOW, Distinctive Vision Care, PLLC, Debtor and Debtor in Possession in the above-styled and numbered case (the "Debtor"), and files this Motion for Authority to Continue Using Existing Bank Account and Business Forms (the "Motion"), and in support would respectfully show the Court as follows:

## I. JURISDICTION

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding. 28 U.S.C. §157(b).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 363(c), 1184, 1187, and 1188 of Title 11 of the United States Code (the "Bankruptcy Code"),

together with the Operating Guidelines and Reporting Requirements of the Office of the United States Trustee.

## II. PROCEDURAL BACKGROUND

4. On November 8, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V.

5. The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1184 and 1108. No trustee has been appointed in this case other than the Subchapter V Trustee.

6. The Debtor is a Texas professional limited liability company that operates an optometry practice from leased retail space at 411 E. Royal Lane, Suite 170, Irving, Texas 75039. The Debtor provides eye examinations, related optometric services and sells prescription eyeglasses, frames, and contact lenses. The Debtor employs five people. The Debtor's operations are funded by patient fees, reimbursements from third-party payors, and retail sales.

7. In the ordinary course of its business, and prior to the Petition Date, the Debtor maintained and used a single checking account at Capital One, N.A., account ending in 0934 (the "Bank Account"), for the deposit of business receipts and the payment of ordinary operating expenses. As of the Petition Date, the balance in the Bank Account was approximately $6,731.87.

8. The Bank Account is the Debtor's sole operating account. All of the Debtor's receipts — including patient payments, credit card settlements, and reimbursements from third-party payors — are deposited into the Bank Account, and all of the Debtor's operating expenses are paid from it. The Debtor's postpetition receipts are, and will continue to be, deposited into the Bank Account.

9. The Debtor also uses pre-printed checks and other business forms bearing the Debtor's name in connection with the operation of its business.

10. Prior to the Petition Date, certain of the Debtor's commercial lenders collected payment by initiating recurring automated clearing house debits against the Bank Account, in some instances on a weekly basis. Those debits are no longer authorized and would, if honored after the Petition Date, constitute payment of prepetition debt and an exercise of control over property of the estate in violation of 11 U.S.C. § 362(a).

## III. RELIEF REQUESTED

11. The Debtor requests authority to continue to maintain and use the Bank Account in existence on the Petition Date, and to treat and designate the Bank Account as a debtor-in-possession account, rather than being required to close the Bank Account and open one or more new debtor-in-possession accounts.

12. The Debtor further requests authority to continue using its existing checks and business forms, without the need to obtain new checks or forms bearing the "Debtor in Possession" designation and case number, until the Debtor's existing stock of checks and forms is depleted.

13. The Debtor requests that Capital One, N.A. be authorized and directed to continue to maintain, service, and administer the Bank Account as a debtor-in-possession account, and to treat the Debtor as a debtor in possession with respect to the Bank Account.

14. The Debtor requests that Capital One, N.A. be directed not to honor any check, automated clearing house debit, or other item presented against the Bank Account on account of an obligation that arose before the Petition Date, except as authorized by further order of this Court.

## III. BASIS FOR THE RELIEF REQUESTED

15. The Operating Guidelines of the Office of the United States Trustee ordinarily require a debtor in possession to close its pre-petition bank accounts and to open new accounts designated as debtor-in-possession accounts. Those requirements are intended to establish a clear line of demarcation between pre-petition and post-petition transactions and to guard against the inadvertent payment of pre-petition claims.

16. The Debtor is a small business debtor proceeding under Subchapter V. Requiring the Debtor to close the Bank Account and open a new account would impose unnecessary cost and administrative burden, would disrupt the Debtor's customer receipts and payment of ongoing operating expenses, and would delay the Debtor's ability to continue operating its business—all to the detriment of the estate and its creditors.

17. The purposes underlying the United States Trustee's Operating Guidelines can be satisfied without closing the Bank Account. The Petition Date establishes a clear line of demarcation for the Debtor's transactions. The Debtor will maintain accurate and complete records of all post-petition transactions in the Bank Account and will not pay any pre-petition debt from the Bank Account except as authorized by order of this Court. Designating and maintaining the Bank Account as a debtor-in-possession account will avoid needless disruption and preserve the value of the estate

18. Courts in this District and elsewhere routinely authorize debtors, and in particular small business and Subchapter V debtors, to continue using their existing bank accounts and business forms for the reasons set forth above.

19. This Motion is related to the Debtor's Motion for Authority to Use Cash Collateral filed contemporaneously herewith. The fees and receivables that constitute the Debtor's operating funds are deposited into, and disbursed from, the Bank Account.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to continue using the Bank Account in existence on the Petition Date and to maintain it as a debtor-in-possession account; (ii) authorizing the Debtor to continue using its existing checks and business forms; (iii) authorizing and directing Capital One, N.A. to continue to maintain, service, and administer the Bank Account as a debtor-in-possession account; and (iv) granting the Debtor such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: November 11, 2026

Respectfully submitted,

**RITTER SPENCER CHENG PLLC**

*/s/ David D. Ritter*
David D. Ritter
State Bar No.: 00791534
17950 Preston Road, Suite 250
Dallas, Texas 75252
Tel.: (214) 295-5078
Fax: (214) 329-4362
dritter@ritterspencercheng.com

**PROPOSED ATTORNEY FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026 a true and correct copy of the foregoing document was served on the parties listed on the attached service list via regular U.S. Mail.

*/s/David D. Ritter*
David D. Ritter