**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DISTINCTIVE VISION CARE, PLLC,** | § | **CASE NO. 26-35208-MVL-11** |
| | § | **(Chapter 11; Subchapter V)** |
| **DEBTOR.** | § | |

**ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNT AND BUSINESS FORMS**

On this day the Court considered the Debtor's Emergency Motion for Authority to Continue Using Existing Bank Account and Business Forms (the "Motion") filed by the above referenced Debtor and Debtor in Possession (the "Debtor"). The Court, having reviewed the Motion, finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding; that adequate notice of the Motion was given under the circumstances; that the relief requested is necessary to avoid immediate and irreparable harm to the estate; that the relief requested is in the best interest of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for granting the relief requested. It is therefore

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Debtor is authorized to continue to maintain and use the checking account in existence on the Petition Date at Capital One, N.A., account ending in 0934 (the "Bank Account"), and the Bank Account shall be deemed and treated as a debtor-in-possession account; and it is further

ORDERED that the Debtor is authorized to continue using its existing checks and business forms without the need to obtain new checks or forms bearing the "Debtor in Possession" designation and case number, until the Debtor's existing stock of checks and forms is depleted; and it is further

ORDERED that Capital One, N.A. is authorized and directed to continue to maintain, service, and administer the Bank Account as a debtor-in-possession account, and to treat the Debtor as a debtor in possession with respect to the Bank Account; and it is further

ORDERED that Capital One, N.A. shall not honor any check, automated clearing house debit, or other item presented against the Bank Account on account of an obligation that arose before the Petition Date, except as authorized by further order of this Court; and it is further

ORDERED that the Debtor shall not pay any prepetition debt from the Bank Account except as authorized by further order of this Court; and it is further

ORDERED that the Debtor shall maintain accurate and complete records of all postpetition transactions in the Bank Account and shall timely file all monthly operating reports required by the Office of the United States Trustee; and it is further

ORDERED that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement, and interpretation of this Order..

### END OF ORDER ###

Order submitted by:

**RITTER SPENCER CHENG PLLC**

David D. Ritter
17950 Preston Road, Suite 250
Dallas, Texas 75252
Tel.: (214) 295-5078
Fax: (214) 329-4362
dritter@ritterspencercheng.com

**PROPOSED ATTORNEY FOR DEBTOR**