**I IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DISTINCTIVE VISION CARE, PLLC,** | § | **CASE NO. 26-35208-MVL-11** |
| | § | **(Chapter 11; Subchapter V)** |
| **DEBTOR.** | § | |

**ORDER GRANTING EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION WAGES, SALARIES, AND RELATED EMPLOYEE OBLIGATIONS**

On this day the Court considered the Debtor's Emergency Motion for Authority to Pay Pre-Petition Wages, Salaries, and Related Employee Obligations (the "Motion") filed by Distinctive Vision Care, PLLC, the Debtor and Debtor in Possession herein. The Court, having reviewed the Motion, finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b); that this is a core proceeding; that notice of the Motion was sufficient and appropriate under the circumstances, and that no further notice is required; that the relief requested is a sound exercise of the Debtor's business judgment and is necessary to avoid immediate and irreparable harm to the Debtor and its estate; and that the relief requested is in the best interest of the Debtor, its estate,

and its creditors. Capitalized terms not defined in this Order have the meanings given in the Motion. It is therefore,

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Debtor is authorized, but not directed, to pay the Pre-Petition Wages to its Employees, in each case in an amount not to exceed the $17,150 priority cap of 11 U.S.C. § 507(a)(4); and it is further

ORDERED that the Debtor is authorized, but not directed, to calculate, withhold, remit, and pay the Payroll Taxes associated with the Pre-Petition Wages; and it is further

ORDERED that the Debtor is authorized to continue its wage, salary, commission, and payroll-processing practices in the ordinary course of business on a post-petition basis; and it is further

ORDERED that the Debtor's bank is authorized and directed to receive, process, honor, and pay all checks and electronic transfers drawn on the Debtor's accounts relating to the Pre-Petition Wages and Payroll Taxes authorized by this Order, whether presented before or after the Petition Date, and to rely on the Debtor's representations as to which such items are authorized to be paid; and it is further

ORDERED that nothing in this Order shall be deemed or construed as (a) an admission as to the validity or priority of any claim against the Debtor; (b) a waiver of the Debtor's or any party in interest's rights to dispute any claim; or (c) an approval or assumption of any agreement, contract, or arrangement under 11 U.S.C. § 365; and it is further

ORDERED that notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement, and interpretation of this Order.

### END OF ORDER ###

Order submitted by:

**RITTER SPENCER CHENG PLLC**

David D. Ritter
17950 Preston Road, Suite 250
Dallas, Texas 75252
Tel.: (214) 295-5078
Fax: (214) 329-4362
dritter@ritterspencercheng.com

**PROPOSED ATTORNEY FOR DEBTOR**